Bullard, j.
The plaintiff alleges, that Nicolas is indebted to him, nine hundred dollars for wages as overseer, for the year 1844, and a part of the year 1845, and that he has a privilege for that amount upon the crops of those two years. He represents, that the plantation and slaves belonging to said Nicolas, together with the crops made in several previous years, and that now growing *595 thereon, have been seized by the Sheriff at the suit of Toledano & Gaillard, and are about to be sold, and the proceeds paid over to said Toledano & Gaillard, unless enjoined. He therefore prays for judgment for the $900, and that the Sheriff may be ordered to retain in his hands, a sufficient amount to pay him.
Nicolas made only a nominal defence. Toledano & Gaillard, the seizing creditors, answer, that the plaintiff contracted with Nicolas for one-fourth of the crop, as a compensation for his services as overseer, and that his portion of the crop has not been included in the seizure nor sold, but still remains subject to his disposition.
The Sheriff’s return shows, that he seized “ three-fourths of the present crop” and three-fourths of thirty-one stacks of rice, the crop of the previous year; that the portion of the stacks of rice seized was appraised at $1975, and the growing rice at $320. The whole property seized was sold in globo, and Gaillard became the purchaser at something over the appraisement.
We are of opinion, that the court erred in 'permitting Nicolas, one of the defendants, to be sworn as a witness on the trial of the cause. It is well settled, that a party to the record is inadmissible as a witness.
The evidence shows clearly, that the plaintiff, Baudoin, was to have one-fourth of each crop of rice, for his services as overseer, and consequently he could not recover a specific sum in lieu of his fourth, so far as Toledano <fc Gaillard are to be affected. He had one undivided fourth of the growing crop, and of the thirty-one stacks of rice, the produce of the previous year. The creditors of Nicolas could only levy on his undivided three-fourths in the whole, because the right of Baudoin extended to every part. The Sheriff, by seizing three-fourths, could not operate a partition between the overseer and his employer. Baudoin’s right to one-fourth was not defeated by such a proceeding, and his right restricted to the fourth not seized. Gaillard having purchased the three-fourths seized, acquired no greater right than Nicolas had, to wit, three undivided fourths of what was seized. For one-fourth, he is, in our opinion, accountable to Baudoin, the, co-proprietor of the rice, reserving to the latter his right to one undivided fourth of the part not seized by the Sheriff. The rice *596 seized appears to have been bought in by Gaillard for $2295, and consequently he is to account for one-fourth, that is to say, $573 75, to the plaintiff. The judgment we think erroneous, in allowing the plaintiff the full amount of $900, against Gail-lard, the appellant.
Beatty, for the plaintiffs.
Bovforcl, for the appellant.
It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed, and that the plaintiff recover of R. P. Gaillard, five hundred and seventy-three dollars and seventy-five cents, with interest at five per cent from judicial demand, with costs in the District Court, those of the appeal to be borne by the plaintiff and appellee, reserving to him his right to claim one undivided fourth of any part of the crops not seized.